IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR REYNOSO,<br><br>    Plaintiff,<br><br>  v.<br><br>CHIEF MEDICAL OFFICER DR. MICHAEL SAYRE, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-4525 CW (PR)<br><br>ORDER DENYING CONTINUANCE; GRANTING LIMITED EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT; GRANTING FILING OF AMENDMENT TO COMPLAINT; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING RULE 35 MOTION FOR COURT-ORDERED MEDICAL EXAMINATION<br><br>(Docket nos. 13, 16, 27, 29, 30) |

    Pending before the Court are several motions filed by Plaintiff in this pro se prisoner civil rights action alleging deliberate indifference to his serious medical needs.

A.    Motions for Continuance and Extension of Time

    On December 7, 2012, Defendants filed a motion for summary judgment. Subsequently, Plaintiff filed a motion to compel discovery, which Defendants have opposed. Plaintiff's opposition to the motion for summary judgment is due February 7, 2013; his reply to the opposition to the motion to compel is due January 17, 2013.

    Plaintiff moves for a continuance to file his opposition to the motion for summary judgment until resolution of the motion to compel and receipt of additional discovery; Defendants have opposed the motion. The Court having reviewed the parties' arguments, Plaintiff's motion to continue the date for filing his opposition to Defendants' motion for summary judgment is DENIED, as he has not identified any discovery that is essential to justify his opposition to the motion for summary judgment. See Fed. R. Civ. P. 56(d). If the motion to compel is granted in his

favor, he may move to file a supplemental opposition to the motion for summary judgment.

Plaintiff's request for a limited extension of time to file his opposition is GRANTED.  He shall file his opposition to the motion for summary judgment by no later than March 1, 2013. Defendants shall file a reply no later than fourteen days from the date the opposition is filed.

B.   Motion to Amend Complaint

After Defendants answered the complaint, Plaintiff filed a motion to amend the complaint to correct the spelling of the name of Defendant Dr. Adams to Dr. Adam, and of potential witness Dr. Eccugby to Dr. Ikegbu.  Leave to amend the complaint is GRANTED; the complaint is deemed amended with the information detailed in the motion.

C.   Motion for Appointment of counsel

Plaintiff seeks the appointment of counsel to represent him in this action.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525.  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.  Here, it is too early in the proceedings for the Court to

2

1  determine Plaintiff's likelihood of success on the merits and he
2  has been able to articulate his claims adequately in light of the
3  complexity of the legal issues involved.  Accordingly, the motion
4  for the appointment of counsel is DENIED without prejudice.
5  D.   Motion for Court-Ordered Medical Examination
6       Plaintiff has filed a motion for a Court-ordered medical
7  examination by a non-prison doctor.  Federal Rule of Civil
8  Procedure 35 provides, in relevant part:

>  The Court where the action is pending may order a party
>  whose mental or physical condition - including blood
>  group - is in controversy to submit to a physical or
>  mental examination by a suitably licensed or certified
>  examiner.

12 Fed. R. Civ. P. 35(a)(1).
13      Plaintiff argues he needs to have an examination by a non-
14 prison doctor because of Defendants' inaccurate medical diagnoses
15 and the alleged "hostile environment" that has been created by the
16 filing of this lawsuit.  Although a district court, pursuant to
17 Rule 35, may, under appropriate circumstances, order a party to
18 submit to a physical examination at the request of an opposing
19 party, Rule 35 "does not vest the Court with authority to appoint
20 an expert to examine a party wishing an examination of himself."
21 Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D. Del. 2009); see,
22 e.g., Baker v. Hatch, 2010 WL 3212859, *3 (E.D. Cal. 2010)
23 (finding no authority under Rule 35(a) to grant pro se prisoner
24 plaintiff's request for medical examination).  Accordingly,
25 Plaintiff's request for a Court-ordered examination by a non-
26 prison doctor pursuant to Rule 35 is DENIED.  Plaintiff is not
27 precluded, however, from retaining his own expert medical witness
28 to examine him and render a medical opinion.

This Order terminates Docket nos. 13, 16, 27, 29 and 30.

IT IS SO ORDERED.

Dated: 1/8/2013

_____
CLAUDIA WILKEN
United States District Judge